**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 17-cv-24082-MGC**

MARY FENTE,
individually and on behalf of all
others similarly situated,

      Plaintiff,

v.

JOBCASE, INC., a Delaware corporation, and
LYFT, INC., a Delaware corporation,

      Defendants.

_____/

## DEFENDANT LYFT, INC'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

Defendant, Lyft, Inc. ("Lyft"), files its Answer and Affirmative Defenses to Plaintiff, Mary Fente's Class Action Complaint (the "Complaint") (Doc. 1) and states as follows:

## NATURE OF THE ACTION

1. Admitted that Plaintiff brought a putative class action concerning alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), but denied that Plaintiff will be able to certify a class or that Lyft is liable for any alleged violations of the TCPA.

2. This allegation does not pertain to Lyft and therefore no response is required from Lyft. To the extent a response is required, without knowledge and therefore denied.

3. Admitted that the Lyft platform provides a marketplace where persons who seek transportation to certain destinations can be matched with persons driving to or though those destinations though the Lyft App. Denied that Lyft and Uber are synonymous; denied in all other respects.

4.      Lyft states that the amount of revenue it obtains in a given year constitutes confidential and private business information, as Lyft does not publicly disclose its financial statements, and therefore this allegation need not be admitted or denied.

5.      Lyft admits that it has entered into an agreement with Jobcase, Inc. ("Jobcase"). Lyft states that the written agreement it has with Jobcase is confidential and, at this time, Lyft maintains the agreement will not be produced nor described absent a court order or other stipulation protecting its confidentiality.

6.      Admitted that Jobcase and Lyft entered into an agreement, the contents of which are confidential.

7.      Denied that Jobcase took any unlawful or intrusive action with Lyft's knowledge, consent, ratification or authorization and denied that Lyft has acted unlawfully.  Regarding any actions Jobcase may have taken, without knowledge and therefore denied.

8.      Denied that Jobcase took any unlawful or intrusive action with Lyft's knowledge, consent, ratification or authorization and denied that Lyft has acted unlawfully.  Regarding any actions Jobcase may have taken, without knowledge and therefore denied.

9.      Denied.

10.     Admitted that Plaintiff seeks statutory damages, injunctive relief, and other relief, but denied that Plaintiff is entitled to same and denied that Lyft has acted unlawfully.

**JURISDICTION AND VENUE**

11.     Paragraph 11 calls for a legal conclusion to which no response is required.  To the extent a response is required, admitted that Plaintiff alleges violations of a federal statute and jurisdiction under the Class Action Fairness Act ("CAFA"), but denied that Lyft has committed any wrongdoing, violated any statute, or that Plaintiff's and the putative class' damages exceed

$5,000,000.00 as required under CAFA.  Without knowledge of Plaintiff and putative class members' states of citizenship and therefore denied as to such allegations.

12.     Paragraph 12 calls for a legal conclusion to which no response is required.  To the extent a response is required, without knowledge of where Plaintiff or putative class members reside, as well as where Plaintiff or putative class members were located when they allegedly received text messages, and therefore such allegations are denied.  Lyft denies that it committed any tortious conduct against Plaintiff or other individuals or that it sent unlawful text messages in this district.

### PARTIES

13.     Without knowledge and therefore denied.

14.     This allegation does not pertain to Lyft and therefore no response is required.  To the extent a response is required, without knowledge and therefore denied.

15.     Admitted that Lyft's principal place of business is 185 Berry St, Suite 5000; San Francisco, CA 94107.  Admitted that the Lyft platform is operational in Florida.

### THE TCPA

16.     The TCPA speaks for itself as to its terms, provisions, and limitations.  Lyft denies it violated the TCPA.

17.     The TCPA speaks for itself as to its terms, provisions, and limitations.  Lyft denies it violated the TCPA.

18.     The TCPA and case law regarding the TCPA speak for themselves.  Lyft denies it violated the TCPA.

19.     The TCPA and case law regarding the TCPA speak for themselves.  Lyft denies it violated the TCPA.

20.     The TCPA and the Federal Communications Commission's ("FCC") rules and regulations speak for themselves as to their terms, provisions, and limitations.  Lyft denies it violated the TCPA or any FCC rules or regulations.

21.     The TCPA, FCC rules and regulations, and case law speak for themselves.  Lyft denies it have violated the TCPA or any FCC rules or regulations.

22.     The TCPA, FCC rules and regulations, and case law speak for themselves.  Lyft denies it violated the TCPA or any FCC rules or regulations.

23.     The TCPA, FCC rules and regulations, and case law speak for themselves.  Lyft denies it violated the TCPA or any FCC rules or regulations.

24.     The TCPA, FCC rules and regulations, and case law speak for themselves.  Lyft denies it violated the TCPA or any FCC rules or regulations.

25.     The TCPA, FCC rules and regulations, and case law speak for themselves.  Lyft denies it violated the TCPA or any FCC rules or regulations.

26.     The TCPA, FCC rules and regulations, and case law speak for themselves.  Lyft denies it violated the TCPA or any FCC rules or regulations.

27.     The TCPA, FCC rules and regulations, and case law speak for themselves.  Lyft denies it violated the TCPA or any FCC rules or regulations.

28.     The TCPA and case law speak for themselves.  Lyft denies it violated the TCPA.

29.     The TCPA, FCC rules and regulations, and case law speak for themselves.  Lyft denies it violated the TCPA or any FCC rules or regulations.

30.     The TCPA and case law speak for themselves.  Lyft denies it violated the TCPA.

## BACKGROUND FACTS

31.     Lyft admits it matches drivers with passengers who request rides through Lyft's

smartphone app.  Lyft states that its revenue and financial information constitutes confidential and private business information, as Lyft does not publicly disclose its financial statements, and therefore the remainder of the allegations in Paragraph 31 need not be admitted or denied.

32.  Lyft admits that it matches drivers with passengers who request rides through Lyft's smartphone app.  Lyft denies that any actions it takes in marketing its services are inappropriately "aggressive" or otherwise give rise to a cause of action.

33.  Lyft admits that Jobcase and Lyft entered into an agreement, the contents of which are confidential.

34.  Lyft admits that Jobcase and Lyft entered into an agreement, the contents of which are confidential.

35.  Without knowledge and therefore denied.

36.  Admitted that entering https://lkmdg.com/gOHQtlP into a web browser directs a person to Lyft's website.

37.  Paragraph 37 calls for a legal conclusion to which no response is required.  To the extent a response is required, Lyft is without knowledge as to the precise content of any text message Jobcase may have sent, and therefore denies allegations regarding the contents of same.  Additionally, the purported text message described by Plaintiff in her Complaint does not appear to reference the "purchase of Lyft's services."

38.  Lyft is without knowledge as to where Plaintiff or other individuals received text messages and therefore denies same.  Lyft denies that it violated the TCPA in this district or in any other district.

39.  Denied.

40.  Without knowledge and therefore denied.

41.     The TCPA and case law speak for themselves.  Lyft denies it violated the TCPA. Lyft is without knowledge as to the manner in which any alleged text messages were sent.

42.     Lyft denies it performed any of the actions or utilized any of the equipment described in paragraph 42.  Lyft is without knowledge as to the manner in which any alleged text messages were sent.

43.     Denied.

44.     Paragraph 44 calls for a legal conclusion to which no response is required.  To the extent a response is required, Lyft denies that any violation of the TCPA occurred and further denies that, even if a violation did occur, such violation occurred with Lyft's knowledge, consent, ratification or authorization.

45.     Paragraph 45 calls for a legal conclusion to which no response is required.  To the extent a response is required, Lyft denies that any violation of the TCPA occurred and further denies that, even if a violation did occur, such violation occurred with Lyft's knowledge, consent, ratification or authorization.

46.     Paragraph 46 calls for a legal conclusion to which no response is required.  To the extent a response is required, Lyft denies that any unlawful behavior occurred and denies that it knowingly received and retained any monetary benefit derived from unlawful behavior.

47.      Paragraph 47 calls for a legal conclusion to which no response was required; to the extent a response is required, Lyft admits that Jobcase and Lyft entered into an agreement, the contents of which are confidential.

## CLASS ALLEGATIONS

### PROPOSED CLASS

48.     Lyft admits that Plaintiff purports to bring a class action but denies that Plaintiff will be able to certify a class or that it is liable for any alleged violations of the TCPA.

49.     Lyft admits that Plaintiff is attempting to certify the class defined in paragraph 49 but denies that certification of the defined class is appropriate and denies that certification should be granted.

50.     Lyft admits that its employees and agents, among others, would be excluded from any class but denies that certification of any class is appropriate and denies that certification should be granted. Lyft is without knowledge of how many individuals allegedly received text messages and therefore denies said allegation.

### NUMEROSITY

51.     Lyft denies that it unlawfully placed any automated calls and denies that joinder would be impracticable.  Regarding any actions Jobcase may have taken, without knowledge and therefore denied.

52.     Without knowledge and therefore denied.

### COMMON QUESTIONS OF LAW AND FACT

53.     Paragraph 53 calls for a legal conclusion and no response is required.  To the extent a response is required, each and every subpart of Paragraph 53 is denied.

54.     Denied.

### TYPICALITY

55.     Paragraph 55 calls for a legal conclusion and no response is required.  To the extent a response is required, denied.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

56.     Without knowledge and therefore denied.

**SUPERIORITY**

57.     Paragraph 57 calls for a legal conclusion to which no response is required.  To the extent a response is required, Lyft denies that a class action is necessary or superior to other actions, and denies that it caused Plaintiff or putative class members to suffer damages.

58.     Paragraph 58 calls for a legal conclusion to which no response is required.  To the extent a response is required, denied that class adjudication is appropriate.

**COUNT I**
**Violation of the TCPA, 47 U.S.C § 227(b)**
**(On behalf of Plaintiff and the Class**

59.     Lyft incorporates and re-alleges its foregoing answers as is fully set forth herein.

60.     The TCPA speaks for itself as to its terms, provisions, and limitations.  Lyft denies that it violated the TCPA.

61.     The TCPA, the FCC's rules and regulations, and case law interpreting same speak for themselves.  Lyft denies that it violated the TCPA or any rules or regulations promulgated by the FCC.

62.     Lyft denies that it performed any of the actions or used any of the equipment described in Paragraph 62.  Lyft is without knowledge as to the equipment allegedly used by Jobcase to send text messages and therefore denied.

63.     Paragraph 63 calls for a legal conclusion to which no response is required. To the extent a response is required, Lyft denies that it performed any of the actions described in Paragraph 63.  Lyft denies that it authorized any texts or calls to be made without a recipient's prior express consent.

64. Denied.

65. Denied.

66. Denied.

**COUNT II**
**Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Class)**

67. Lyft incorporates and re-alleges its answers to Paragraph 1-66 as if fully set forth herein.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

WHEREFORE, Lyft denies that Plaintiff is entitled to any of the relief set forth in her Complaint and denies that it has committed any violation of the TCPA.

GENERAL DENIAL

Lyft expressly denies all allegations in the Complaint that were not addressed in the responses above. To the extent Lyft responded to any allegations without explicitly admitting or denying same, and such explicit admittance or denial was required, Lyft denies such allegations.

JURY DEMAND

Lyft demands that Plaintiff establish it is entitled to a trial by jury.

AFFIRMATIVE DEFENSES

Lyft sets forth the following affirmative defenses to each of Plaintiff's claims:

1. Lyft affirmatively alleges and asserts that Plaintiff fails to state a claim in the

Complaint upon which relief can be granted.

2.     Lyft affirmatively alleges and asserts that Plaintiff's claims are barred to the extent Plaintiff or putative class members had established business relationships with Lyft or Jobcase.

3.     Lyft affirmatively alleges and asserts that the telephone numbers to which any alleged texts were sent were not generated at "random," but constituted the actual telephone numbers previously provided to Jobcase or Lyft.

4.     Lyft affirmatively alleges and asserts that Plaintiff's claims are barred, in whole or in part, on the grounds that Lyft, or any third party purportedly acting on Lyft's behalf, had the prior express invitation, permission, or consent, including written consent, of Plaintiff or putative class members to send text messages.

5.     Lyft affirmatively alleges and asserts that the calls at issue did not adversely affect Plaintiff or putative class members' privacy rights.

6.     Lyft affirmatively alleges and asserts that the Plaintiff's claims are barred, in whole or in part, because Lyft did not have a high degree of involvement in the texts at issue in the Complaint.

7.     Lyft affirmatively alleges and asserts that Plaintiff's claims are barred, in whole or in part, because Lyft did not send unlawful text messages to Plaintiff or putative class members.

8.     Lyft affirmatively alleges and asserts that Plaintiff's claims are barred, in whole or in part, because text messages were not sent using an automatic telephone dialing system.

9.     Lyft affirmatively alleges and asserts that Plaintiff's claims are barred, in whole or in part, because the text messages received by Plaintiff or putative class members were placed or sent by a third party for which Lyft is not vicariously liable.

10.    Lyft affirmatively alleges and asserts that Plaintiff's claims are barred, in whole or

in part, on grounds of good-faith belief of prior express consent or permission, as Plaintiff and/or members of the putative class gave prior express consent or permission to receive text messages at numbers they provided.

11.     Lyft affirmatively alleges and asserts that Plaintiff's claims are barred, in whole or in part, on grounds of estoppel. Plaintiff and/or members of the putative class are estopped from bringing this action because they gave prior express written consent or permission to receive text messages at the numbers they provided.

12.     Lyft affirmatively alleges and asserts that Plaintiff's claims are barred, in whole or in part, on grounds of laches because Plaintiff and/or members of the putative class gave prior express consent or permission to be contacted at the numbers they provided.

13.     Lyft affirmatively alleges and asserts that Plaintiff's claims are barred, in whole or in part, on the grounds of waiver because Plaintiff and/or members of the putative class gave express consent or permission to be contact at the numbers they provided.

14.     Lyft affirmatively alleges and asserts that Plaintiff's claims are barred, in whole or in part, on grounds of unclean hands. Plaintiff seeks, for herself and the putative class, equitable relief in the form of an injunction, even though they have unclean hands because they gave prior express consent or permission to receive text messages at the numbers they provided.

15.     Lyft affirmatively alleges and asserts that Plaintiff's requests to treble damages are barred because Lyft did not willfully or knowingly violate any provision of the TCPA.

16.     Lyft affirmatively alleges and asserts that Plaintiff's claims are barred to the extent Lyft or any third party who placed calls or text messages instituted procedures that satisfy 47 C.F.R. § 64.1200(d).

17.     Lyft affirmatively alleges and asserts that Plaintiff and putative class members lack

standing because, *inter alia*, they have suffered no injury-in- fact and any injuries they purportedly suffered were not caused by Lyft's actions or the actions of a party for whom it is vicariously liable.

18.     Lyft affirmatively alleges and asserts that the underlying action cannot proceed as a class action to the extent it is not suitable for class wide resolution pursuant to Federal Rule of Civil Procedure 23: the classes, if any, are not so numerous that joinder of all putative class members is impracticable; Plaintiff's claims and/or defenses are not typical of the claims and/or defenses of the putative class members; Plaintiff and her counsel are not adequate representatives of the putative classes and Plaintiff and her counsel will not fairly and adequately protect the interests of the putative classes; Lyft has not acted or refused to act on grounds that apply generally to the putative classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the putative classes as a whole; questions of law or fact common to putative class members do not predominate over questions affecting only individual members; and a class action is not superior to other available methods for fairly and efficiently adjudicating the controversy.

19.     Lyft affirmatively alleges and asserts that Plaintiff will not fairly and adequately protect the interests of the class because, among other things, the purported class may have received texts different from those received by Plaintiff and may have given express consent or permission to be contacted at the numbers they provided.

20.     Lyft affirmatively alleges and asserts that the underlying action cannot be maintained as a class action because the Complaint fails to include adequate, detailed factual allegations that satisfy the prerequisites of Federal Rule of Civil Procedure 23(b), as required under Rule 23.1 of the Local Rules for the United States District Court for the Southern District of

Florida.

21.     Lyft affirmatively alleges and asserts that Plaintiff and the putative class members' claims cannot be maintained to the extent they are barred by the applicable statute of limitations.

22.     Lyft affirmatively alleges and asserts that Plaintiff's claims are barred, in whole or in part, to the extent that they are uncertain in pleading the material allegations thereof.

23.     Lyft affirmatively alleges and asserts that to the extent Plaintiff or any member of the putative class sustained any injury, loss, damage or detriment, that injury, loss, damage or detriment were caused by independent, superseding causes, namely other persons, corporations, or business entities whose acts were unrelated to the alleged acts, omissions, and/or conduct of Lyft.

24.     Lyft affirmatively alleges and asserts that should it be found liable to Plaintiff and the putative class, which liability is expressly denied, Lyft may be entitled to have the amount of damages abated, reduced, or eliminated to the extent the negligence, carelessness, or fault of other persons, corporations, or business entities that caused or contributed to Plaintiff or the putative class' damages, if any.

25.     Lyft affirmatively alleges and asserts that the TCPA, codified at 47 U.S.C. §227, upon which Plaintiff's claims rely, violates the First Amendment of the United States Constitution because it constitutes a violation of free speech.

26.     Lyft affirmatively alleges and asserts that the TPCA, codified at 47 U.S.C. §227, upon which Plaintiff's claims rely, violates the Fifth and Fourteenth Amendments of the United States Constitution and are void for vagueness.

27.     Lyft affirmatively alleges and asserts that the TCPA, codified at 47 U.S.C. §227, upon which Plaintiff's claims rely, violates the Due Process Clause under the Fifth and Fourteenth

Amendments to the United States Constitution, which prohibit the imposition of grossly excessive or arbitrary punishment on a defendant, and if a class were to be certified and liability were found, the statutory damages provided for in the TCPA would be grossly disproportionate to any "harm" suffered by the class members.

28.     Lyft affirmatively alleges and asserts that Plaintiff is not entitled to any statutory damages because it has not engaged in any conduct in violation of the TCPA.

29.     Lyft affirmatively alleges and asserts that the texts at issue do not include or introduce an advertisement or constitute telemarketing.

30.     Lyft affirmatively alleges and asserts that Plaintiff's claims should be referred to the FCC pursuant to the doctrine of primary jurisdiction.

31.     Lyft affirmatively alleges and asserts that Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies before the FCC.

32.     Lyft affirmatively alleges and asserts that this Court lacks subject matter jurisdiction over this class action because Plaintiff and the putative class have not suffered any injury or harm cognizable under Article III of the United States Constitution.

33.     Lyft affirmatively alleges and asserts that this Court lacks subject matter jurisdiction over this class action because Plaintiff and the putative class' damages do not exceed $5,000,000.00 as required under CAFA.

34.     Lyft affirmatively alleges and asserts that it claims the benefit of all other defenses and presumptions set forth or arising from any rule of law or statute or any other rule of law that is deemed to apply in this action. Lyft reserves the right to assert any additional defenses which may be disclosed during the course of additional investigation and discovery.

<u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Defendant, Lyft, Inc., respectfully requests that this Court deny Plaintiff's request for certification of a class, enter a judgment in Defendant's favor and deny the relief sought by Plaintiff, and grant any further and additional relief deemed just and appropriate under the circumstances.

Date: December 18, 2017

*s/P. Alexander Quimby*
Julie Singer Brady
Florida Bar No. 389315
Email: jsingerbrady@bakerlaw.com
P. Alexander Quimby
Florida Bar No. 099954
Email: aquimby@bakerlaw.com
BAKER & HOSTETLER LLP
2300 Suntrust Center
200 South Orange Avenue
Post Office Box 112
Orlando, Florida 32802
Telephone: 407-649-4000
Telecopier: 407-841-0168
*Attorneys for Defendant, Lyft, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CETIFY that on December 18, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

<u>*S/P. Alexander Quimby*                 </u>
P. Alexander Quimby